IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| **v.** | ) | **2:17cr131-MHT** |
| | ) | **(WO)** |
| **CHRISTOPHER MICHAEL PARKER** | ) | |

*NEWMAN* ORDER

Defendant Christopher Michael Parker having been adjudged guilty of the charge in the revocation petition (doc. no. 638), it is ORDERED, as stated in open court on July 31, 2019, that the sentence is as follows:

(1) Defendant Christopher Michael Parker's supervised release is not revoked.

(2) All previously imposed conditions of supervised release in place at this time shall remain in effect, including the regular, random drug testing, and required substance-abuse treatment and mental-health treatment.

(3) Defendant Parker's conditions of supervised release are modified to include these additional conditions:

(A) Defendant Parker shall participate in, and complete, an out-patient drug treatment program such as Aletheia House or CAPS, at a time to be determined by his supervising probation officer.

(B) Defendant Parker knowingly and voluntarily agrees to participate in the *Newman* Program, *see United States v. Newman*, 350 F. Supp. 3d 1218 (M.D. Ala. 2018) (Thompson, J.), which is as follows:

>(i) For each new instance in which defendant Parker tests positive for a controlled substance--or fails to appear for a drug test without good cause--a warrant for his arrest will issue and he will turn himself in to spend two consecutive nights in jail, servable when he is not working. The U.S. Probation Office shall determine when defendant Parker is to serve the two consecutive nights

2

in jail. The jail term should occur as soon as reasonably possible after his violation, but not interfere with his employment. Following each violation, the Probation Office shall file a report with the court stating when defendant Parker will serve his jail term, and file a separate report confirming that he has in fact served the jail term.

(ii) Prior to the court issuing a warrant, defendant Parker will not have a right to a preliminary hearing, a detention hearing, or a revocation hearing. Instead, after defendant Parker is released from jail, the court will hold a hearing should defendant Parker request one.

(iii) If defendant Parker tests positive for a controlled substance and/or fails to appear for a drug test without good cause three times, the court will hold a hearing to

re-evaluate this sentence and treatment approach.

(iv) Both the court and defendant Parker retain the right to withdraw from the agreement; however, if defendant Parker withdraws following a positive test or failure to appear for a test without good cause, a warrant shall still issue.

DONE, this the 1st day of August, 2019.

                      /s/ Myron H. Thompson
                      **UNITED STATES DISTRICT JUDGE**